IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Cindy Hoedel et. al., | ) |
|     *Plaintiffs*, | ) ) ) ) |
| v. | )   Case No. 2:19-cv-02443-HLT-JPO |
| | ) ) ) |
| Dustin Kirk, et al. | ) ) |
|     *Defendants*. | ) ) |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS SUSAN K. DUFFY, SHARI FEIST ALBRECHT, DWIGHT D. KEEN AND JAY SCOTT EMLER'S MOTION FOR STAY OF ALL PROCEEDINGS**

Plaintiffs Cindy Hoedel and Scott Yeargain respectfully submit this memorandum in opposition to Defendants Susan K. Duffy, Shari Feist Albrecht, Dwight D. Keen and Jay Scott Emler's ("Defendant Commissioners") motion to stay all proceedings in this case pending resolution of Defendant Commissioners' motion to dismiss.

**INTRODUCTION**

On April 27, 2020— as soon as Defendant Commissioners were added as parties to this litigation— their counsel requested that Plaintiffs provide them with their Rule 26 initial disclosures and all other documents exchanged by the parties in discovery.[1] On May 4, 2020, Plaintiffs conferred and reached an agreement with Defendant Commissioners for an amended discovery schedule, which was adopted by the Court's Amended Scheduling Order in this case. (ECF No. 34). On the same day, Plaintiffs requested that Defendant Commissioners provide their availability for a Rule 26(f) conference to the extent a conference would be necessary prior to

---

[1] *See* Email from Gregory Goheen to Zal Shroff dated April 27, 2020, Exhibit 1, at 1-2.

serving Defendant Commissioners with written discovery.[2] Defendant Commissioners declined to do so, instead proposing to postpone any initial conference indefinitely until Defendant Commissioners received a ruling on a motion to dismiss they had yet to file.[3] Plaintiffs' counsel explained to Defendant that such a delay—absent a request for Court intervention— would be plainly inappropriate.[4] As soon as Plaintiffs provided this legal authority and renewed their request for a 26(f) conference or an agreement that their meet and confer obligations had been met, counsel for Defendant Commissioners went dark. For over four weeks, counsel for Defendant Commissioners refused to respond to Plaintiffs' counsel and blatantly ignored their repeated correspondence by email, phone, and voicemail to discuss this matter.[5] At the same time, counsel for Defendant Commissioners interfered with the parties' ongoing discovery requests by suggesting that a non-party might disregard Plaintiffs' valid subpoena in light of a discovery stay which Defendant Commissioners had yet to even request.[6]

---

[2] Emails from Zal Shroff to Gregory Goheen dated May 4 & 5, 2020, Ex. 1, at 7-8.

[3] Email from Gregory Goheen to Zal Shroff dated May 5, 2020, Ex. 1, at 6.

[4] Email from Zal Shroff to Gregory Goheen dated May 5, 2020, Ex. 1, at 5. The Federal Rules clearly identify that the parties are obligated to confer pursuant to Rule 26(f) as soon as possible and independent of any court scheduling order. Fed. R. Civ. P. 26(f) (absent an order to the contrary, "the parties must confer as soon as practicable"); *see Escareno v. Lundbeck, LLC*, Case No. No. 3:14-cv-257-B, 2014 U.S. Dist. LEXIS 66824, at *7 (N.D. Tex. May 15, 2014) ("Defendants' argument that nothing requires a Rule 26(f) conference before the Court issues a scheduling order or requires a scheduling conference under Federal Rule of Civil Procedure 16(b) misconstrues Rule 26(f)(1)'s requirements.") Furthermore, a Rule 26(f) conference is not automatically impacted by the defendant's filing of a motion to dismiss— let alone the mere specter of a forthcoming motion to dismiss. *See S.R. v. Kenton Cty. Sheriff's Office*, Case No. 15-143- WOB-JGW, 2015 U.S. Dist. LEXIS 191084, at *4-*5 (E.D. Ky. Nov. 3, 2015); *Escareno*, 2014 U.S. Dist. LEXIS 66824, at *2 ("Filing a Rule 12(b)(6) motion to dismiss does not automatically stay discovery or require postponing a Rule 26(f) conference until the motion is resolved."); Fed. R. Civ. P. 26(f), NOTES OF ADVISORY COMMITTEE ON RULES, 1993 AMENDMENT ("The obligation to participate in the planning process is imposed on all parties that have appeared in the case, including defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case.").

[5] *See* Email from Zal Shroff to Gregory Goheen dated May 7, 2020, Ex. 1, at 4 (renewing request to confer or otherwise serve written discovery); Email from Lauren Bonds to Gregory Goheen dated May 20, 2020, *id.* at 9 (acknowledging repeated voicemails and attempts to confer with counsel for Defendant Commissioners regarding initiating written discovery but receiving a response only as to an unrelated matter); Email from Zal Shroff to Gregory Goheen dated June 2, 2020, *id.* at 3 (identifying efforts from Plaintiffs' counsel to contact counsel for Defendant Commissioners "several times via voicemail and email in the past three weeks regarding the plan for discovery in this case").

[6] *See* Email from Dennis Depew to Zal Shroff dated May 13, 2020, Ex. 1, at 10 (noting in response to a subpoena that "[w]e also have been informed by Greg Goheen that a Motion to Stay Discovery is going to be filed imminently based on a simultaneously to be filed MTD arguing immunity from suit by the defendants"). To the extent counsel for Defendant Commissioners invited a non-party to disregard a valid subpoena, they may be in violation of Kan. Rule of

At last, on June 4, 2020—after a month of frustrating Plaintiffs' discovery efforts—Defendant Commissioners filed their instant motion for a discovery stay. (ECF No. 42). Defendant Commissioners now request this Court to stay all discovery in this case in light of their dispositive motion, notwithstanding the strong policy in this District and in the Tenth Circuit not to stay discovery "even though dispositive motions are pending." *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990). For the reasons described below, Defendant Commissioners have failed to make any clear showing that would justify an exception to the strong policy to proceed with discovery.

## PROCEDURAL BACKGROUND

Defendant Commissioners entered this litigation after the parties had already commenced discovery and after Defendant Kirk—the sole original defendant to this action— had filed his Answer to the Amended Complaint. (ECF No. 35). Defendant Kirk has not asserted qualified immunity in a dispositive motion and has not requested that the Court stay the ongoing discovery on the claims against him. Indeed, Plaintiffs and Defendant Kirk have already conducted significant written discovery and have begun depositions in this matter. (ECF Nos. 13-14, 16, 26, 32, 33, 36, 39). Defendant Commissioners now assert both qualified and absolute immunity defenses for Plaintiffs' claims against them for money damages in their individual capacities. But Defendant Commissioners concede that no immunity doctrine bars Plaintiffs from pursuing their prospective relief claims against Defendant Commissioners.[7] These prospective relief claims are opposed merely for ordinary failure to state a claim and on no other basis that would recommend a stay of discovery as to these claims.[8]

---

Professional Conduct 3.4(f) ("A lawyer shall not […] request a person other than a client to refrain from voluntarily giving relevant information to another party").

[7] *See* Defendant Commissioners' Mem. in Supp. of Stay, ECF No. 41, at 20 ("the Eleventh Amendment permits suits against state officials and employees in their official capacities when plaintiff seeks prospective injunctive relief for a federal violation").

[8] *Id.* at 23 ("Plaintiffs assert no continuing violations of federal law which would establish standing for the prospective injunctive relief sought by Plaintiffs").

3

**LEGAL STANDARD**

The Tenth Circuit has clearly identified that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir.1983). It is for this reason that "the weight of authority in [the District of Kansas] is against granting a stay of discovery and other pretrial proceedings, even when a dispositive motion is pending." *Digital Ally, Inc. v. Taser Int'l, Inc.*, Case No. 16-cv-2032-CM-TJJ, 2016 U.S. Dist. LEXIS 142060, at *11 (D. Kan. Oct. 13, 2016). The party seeking a discovery stay must therefore "make a clear case of hardship or inequity in being required to go forward." *Berry v. Ulrich Hereford Ranch, Inc.*, Case No. 17-2109-JTM-GEB, 2017 U.S. Dist. LEXIS 88811, at *8 (D. Kan. June 9, 2017) (internal citations and quotations omitted).

In order to overcome the general right to proceed to discovery notwithstanding a motion to dismiss, a defendant has the burden of showing that there is a compelling reason for a discovery stay and that at least one of the following exceptions applies: (1) the case is *likely* to be finally concluded as a result of the ruling on the pending dispositive motion; (2) the facts sought in discovery would not affect resolution of the motion; or (3) discovery on all issues in the matter would be wasteful and burdensome. *Watson v. Mylan Pharm., Inc.*, No. 16-cv-2499-CM-TJJ, 2016 U.S. Dist. LEXIS 150782, at *3 (D. Kan. Oct. 31, 2016). There is no basis for a stay of discovery if the Court is not persuaded that these factors have been adequately demonstrated or finds that they do not justify potential harm to the plaintiffs. *See King v. United States*, Case No. 16-cv-1435-EFM-TJJ, 2017 U.S. Dist. LEXIS 138644, at *10-*11 (D. Kan. Aug. 29, 2017) (concluding after reviewing each of the three factors, that "Defendants have not clearly shown a compelling reason for the court to issue a stay of all discovery"); *Pipeline Prods. v. Horsepower Entm't*, Case No. 15-

cv-4890-KHV-KGS, 2016 U.S. Dist. LEXIS 49899, at *2 (D. Kan. Apr. 13, 2016) ("In exercising its judgment, the Court must weigh competing interests and maintain an even balance") (internal citations and quotations omitted).

### ARGUMENT

Defendant Commissioners demand a blanket stay of all proceedings in this case without a proper analysis of why they are entitled to override the default presumption against such stays. In particular, Defendant Commissioners refuse to distinguish between Plaintiffs' claims for damages—which may be subject to stay pending resolution of the immunity questions—and Plaintiffs' prospective relief claims and independent claims against Defendant Kirk. Plaintiffs have an "overarching right" to pursue each of these claims through discovery notwithstanding the pending motion to dismiss. *See Berry*, 2017 U.S. Dist. LEXIS 88811, at *7.

**A. Defendant Commissioners' Mere Assertion of Immunity as to Plaintiffs' Damages Claims Cannot Justify a Complete Stay of the Proceedings When No Immunity Defense Applies to Plaintiffs' Prospective Relief Claims Against Defendant Commissioners and All Claims Against Defendant Kirk.**

Defendant Commissioners' sole basis for requesting a stay of the proceedings comes in a single sentence asserting that Defendants' motion to dismiss raises absolute, qualified, and 11th Amendment immunity questions. But these immunity defenses apply only to Plaintiffs' damages claims against Defendant Commissioners—[9] and admittedly do not apply to Plaintiffs' claims for prospective injunctive relief.[10] Under these circumstances, a discovery stay is appropriate only

---

[9] *See* Defendant Commissioners' Mem. in Supp. of Stay, ECF No. 41, at 23 ("To the extent they are being sued in their individual capacities, Defendants Feist Albrecht, Keen and Emler should be dismissed based on the doctrines of absolute or qualified immunity").

[10] *Id.* at 20 ("the Eleventh Amendment permits suits against state officials and employees in their official capacities when plaintiff seeks prospective injunctive relief for a federal violation"). Again, Defendant Commissioners' opposition to Plaintiffs' claims for prospective relief are ordinary standing arguments asserting failure to state a claim. *Id.* at 23 ("Plaintiffs assert no continuing violations of federal law which would establish standing for the prospective injunctive relief sought by Plaintiffs"). These routine arguments often recited on a motion to dismiss do nothing to warrant a stay of discovery.

5

with respect to the individual damages claims. The official capacity claims against Defendant Commissioners for injunctive relief must proceed. *See*, *e.g.*, *Dalcour v. City of Lakewood*, No. 08-cv-00747-MSK-KLM, 2008 U.S. Dist. LEXIS 58393, at *4-*7 (D. Colo. July 11, 2018) ("the mere pendency of a Motion to Dismiss on the grounds of immunity does not entitle Defendants to a complete and indefinite stay of all discovery directed to them in this case […] Defendants' qualified immunity defenses only shield them from discovery related to claims for monetary damages"), *citing Rome v. Romero*, 225 F.R.D. 640, 643-45 (D. Colo. 2004); *Montoya v. Espanola Pub. Sch. Dist. Bd. of Educ.*, No. 10-cv-651 WJ/LFG, 2011 U.S. Dist. LEXIS 161136, at *6-*8 (D. N.M. Mar. 1, 2011), *citing Lugo v. Alvarado*, 819 F.2d 5, 7 (1st Cir. 1987) ("First, the suspension of discovery proceedings on the equitable claims, solely because of an allegation of qualified immunity, only delays the case unnecessarily, because sooner or later the parties will have the right to engage in discovery as to the equitable claims, irrespective of whether there is a surviving damage action"); *see also Human Rights Def. Ctr. v. Baxter Cty.*, No. 3:17-CV-3070, 2017 U.S. Dist. LEXIS 193855, at *4 (W.D. Ark. Nov. 21, 2017) ("Courts around the country have held that a complete stay of discovery pending resolution of the qualified immunity issues is not warranted"); *Locke v. Mooney*, No. 3:12-CV-700-S, 2013 U.S. Dist. LEXIS 102473, at *7 (W.D. Ky. July 22, 2013) ("the court does not see how any legitimate purpose would be served by staying discovery on those official capacity claims pending the resolution of a defense to the individual capacity claims"); *Semrad v. Dooley*, No. 08-4151, 2009 U.S. Dist. LEXIS 22210, at *4 (D. S.D. Mar. 17, 2009); *Del A. v. Edwards*, No. 86-0801, 1988 U.S. Dist. LEXIS 1791, at *3 (E.D. La. Mar. 4, 1988).

Defendant Commissioners likewise ignore that ongoing discovery on Plaintiffs' claims against Defendant Kirk— the remaining defendant in this case who has not advanced any

dispositive motion on qualified immunity— cannot be interrupted by Defendant Commissioners' assertion of damages immunity for themselves. *See, e.g.*, *Pueblo of Pojoaque v. New Mexico*, 214 F. Supp. 3d 1028, 1116 (D. N.M. 2016) ("The Individual Defendants may endure discovery going forward, but it will not be on the individual claims against them. And there is no sound reason to stay discovery on the other claims that do not involve them"); *Arabalo v. City of Denver*, No. 11-cv-02343-MSK-MEH, 2012 U.S. Dist. LEXIS 182251, at *7 (D. Colo. Dec. 27, 2012) ("… no other Defendant has either requested a stay or asserted qualified immunity […] Plaintiff's need to conduct discovery with respect to the other Defendants remains the same regardless of whether Captain Gutierrez is dismissed"). Accordingly, Defendant Commissioners cannot rely on their immunity defenses to specific claims as a way to bring this entire action to a halt.

    **B. Defendant Commissioners Cannot Satisfy Any of the District of Kansas's Requirements to Establish a Basis for Discovery Stay.**

As noted above, defendants must satisfy a combination of the following factors before a discovery stay is to be granted: (1) the case is likely to be finally concluded as a result of the ruling on the pending dispositive motion; (2) the facts sought in discovery would not affect resolution of the motion; and (3) discovery on all issues in the matter would be wasteful and burdensome. *Watson*, 2016 U.S. Dist. LEXIS 150782, at *3. Defendant Commissioners fail to establish each prong, and indeed make no attempt to address these factors at all in their motion for stay. Nonetheless, we will address each factor briefly.

    1. <u>Defendant Commissioners' Motion to Dismiss is Unlikely to Be Granted and Will Not Finally Conclude This Case.</u>

The Court must find it is *likely* that Defendant Commissioners will succeed on their motion to dismiss before the District Judge for this factor to weigh in favor of a stay. *Lofland v. City of Shawnee, Kan.*, No. 16-cv-2183-CM-TJJ, 2016 WL 5109941, at *2 (D. Kan. Sept. 20, 2016). This

7

necessarily requires the Court to evaluate the merits of Defendant Commissioners' motion to dismiss for itself to determine its likelihood of success. *Watson*, 2016 U.S. Dist. LEXIS 150782, at *5 ("Although Defendants' motion to dismiss will [...] not [be ruled] by the undersigned Magistrate Judge, in applying the standard to the particulars of this case the Court must consider the likelihood that Defendants' motion to dismiss will be granted"). As a result, Plaintiffs hereby expressly incorporate the arguments made in their reply memorandum in support of their motion for leave to amend the complaint—which addressed each of the arguments Defendant Commissioners raise in their motion to dismiss. (ECF No. 25). In short, Defendant Commissioners' motion to dismiss is likely to fail because it mischaracterizes factual allegations in Plaintiffs' Amended Complaint and misstates both Section 1983 procedural doctrine and substantive First Amendment law. *See* Order, ECF No. 30, at 14-15 ("[Plaintiffs] dispute every immunity defense raised by proposed defendants, extensively briefing the legal grounds on the arguments […] the undersigned cannot conclude plaintiffs' proposed amended complaint could not withstand a motion to dismiss"). Regardless, even if Defendant Commissioners' prevail on their motion to dismiss in whole or in part, the case will not be finally concluded as to Defendant Kirk and therefore this factor cannot recommend a stay in the proceedings. *See Matrix Group, LLC v. Innerlight Holdings, Inc.*, No. 2:11-cv-00987, 2012 U.S. Dist. LEXIS 158504, at *13 (D. Utah Nov. 2, 2012) ("a request to stay discovery pending resolution of a motion is rarely appropriate where resolution of the motion will not dispose of the entire case").

2. <u>Impact of Discovery on Defendant Commissioners' Motion to Dismiss</u>.

Defendant Commissioners effectively concede that their 12(b)(6) motion is limited to consideration of the allegations contained in the complaint. Defendant Commissioners' Mem. in

Supp. of Stay, ECF No. 41, at 2.[11] But the mere existence of a fully briefed 12(b)(6) motion can hardly be grounds to automatically justify a stay of discovery. To do so would clearly undermine the "overarching right to proceed" recognized as policy in the District of Kansas. *See Berry*, 2017 U.S. Dist. LEXIS 88811, at *7. This factor alone therefore cannot be outcome determinative of whether or not a stay should be granted.

3. <u>Proceeding with Discovery Would Not Be Wasteful and is Consistent with Judicial Economy, and Defendant Commissioners Have Not Identified Any Particularized Hardship That Would Justify Departing from the Default Rule.</u>

The costs of engaging in discovery only run the risk of being wasteful to the extent that Defendant Commissioners' motion to dismiss can be expected to resolve this case in its entirety. As described above, it cannot do so. There is therefore no legitimate basis to request a departure from the default presumption that discovery should advance. Litigation costs are something that all defendants would rather do without, but that does not exempt a defendant from the discovery process merely because they would like the lawsuit to go away. Proceeding with litigation that will ultimately advance— without delay— is fully consistent with and actually required by the Federal Rules. See Fed. R. Civ. P. 1 (courts must endeavor to "secure the just, speedy, and inexpensive determination of every action and proceeding").

Defendant Commissioners suggest that no discovery is necessary at this time because Plaintiffs can simply recommence discovery after the Court's order should they prevail and Defendant Commissioners' motion be denied. Respectfully, this argument mistakenly shifts the burden to Plaintiffs to defend why discovery should advance, when it is in fact Defendant's burden

---

[11] Given the amount of attention paid to everything but the allegations in Plaintiffs' complaint in the motion to dismiss, including a number of premature and factually intensive conclusions on the part of Defendant Commissioners, this assertion seems somewhat janus-faced. To the extent there are factual questions bearing on Defendant Commissioners' immunity defenses, then a stay of discovery even as to those damages claims would be inappropriate. *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) ("A court abuses its discretion when it stays discovery and prevents a party from having a sufficient opportunity to develop a factual basis for defending against the motion").

9

to show a specific, compelling reason for a discovery stay. *King*, 2017 U.S. Dist. LEXIS 138644, at \*10-\*11. Furthermore, Plaintiffs do have a pressing need to proceed with this case. Plaintiffs continue to suffer ongoing retaliation for their First Amendment protected protest activities and these constitutional injuries will continue unabated absent efficient progression of this case through discovery and, ultimately, trial. *See* Amended Complaint, ECF No. 31, ¶¶ 65-71; *see Verlo v. Martinez*, 820 F.3d 1113, 1127 (10th Cir. 2016) ("The Supreme Court has instructed that [t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury") (internal quotations and citations omitted).

Defendant Commissioners also seem to overlook that, even if they can articulate a legitimate and compelling basis for a discovery stay—which they have failed to do— the decision of whether or not to grant a stay requires the Court to "weigh competing interests and maintain an even balance" in light of the plaintiff's "overarching right to proceed" with discovery notwithstanding a motion to dismiss. *See Pipeline Prods.*, 2016 U.S. Dist. LEXIS49899, at \*2; *Berry*, 2017 U.S. Dist. LEXIS 88811, at \*7. This Court need not grant Defendant Commissioners' request for a stay—even as to their damages claims— where it sees no benefit in doing so. *Pueblo of Pojoaque*, 214 F. Supp. 3d at 1116; *see also Del A. v. Edwards*, 1988 U.S. Dist. LEXIS 1791, at \*3 ("the scope of discovery as to the injunctive claim is practically the same as that involved in proving damages"). This is particularly appropriate where the parties have already engaged in significant discovery bearing on the claims at issue in this matter. (ECF Nos. 13-14, 16, 26, 32, 33, 36, 39).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant Commissioners' motion to stay the proceedings in its entirety or, in the alternative, order that

discovery shall proceed for all prospective relief claims against Defendant Commissioners and for all claims against Defendant Kirk.

                                          Respectfully Submitted,

                                          /s/ Zal Shroff
                                          ZAL K. SHROFF, 28013
                                          LAUREN BONDS, 27807
                                          ACLU Foundation of Kansas
                                          6701 W 64th Street, Suite 210
                                          Overland Park, KS 66202
                                          Tel: (913) 490-4114
                                          Fax: (913) 490-4119

                                      ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on June 17, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notifications of such filing to the e-mail addresses of all counsel of record.

                                              /s/ Zal K. Shroff
                                              Zal K. Shroff