UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CINDY HOEDEL, et al.,

    Plaintiffs,

v.                                                       Case No. 19-2443-HLT

DUSTIN KIRK, et al.,

    Defendants.

## **ORDER**

Defendants, Susan K. Duffy, Shari Feist Albrecht, Dwight D. Keen, and Jay Scott Emler ("defendant commissioners" for the purposes of this order), have filed a motion to stay discovery (ECF No. 42), pending resolution of their motion to dismiss (ECF No. 40). Plaintiffs, Cindy Hoedel and Scott Yeargain, oppose the motion (ECF No. 43). As discussed below, the court grants the motion to stay.

Background

Plaintiffs initially filed their complaint solely against defendant Dustin Kirk, alleging he made a baseless complaint with the Kansas Attorney General regarding their coordinated protests filed with the Kansas Corporation Commission.[1] On April 22, 2020, the court granted plaintiffs' motion to add defendant commissioners as parties to this

---

[1] ECF No. 1.

action.[2] The court simultaneously granted defendant commissioners' motion to intervene.[3] Plaintiffs filed an amended complaint on April 27, 2020.

Defendant commissioners filed their motion to dismiss on June 4, 2020, raising defenses of absolute immunity, qualified immunity, and Eleventh Amendment immunity.[4] They argue these immunities are a complete defense and cite case law for the proposition that "trial courts should not allow discovery until the threshold immunity questions are resolved."[5] These defenses are only asserted for plaintiffs' claims against them for money damages in their individual capacities. Defendant commissioners do not assert immunity defenses for the prospective relief claims and oppose those claims on the grounds that they fail to state a claim.[6]

---

[2] ECF No. 30.

[3] *Id.* Plaintiffs state in their response defendant commissioners have intentionally delayed the discovery process. *See* ECF No. 43 at 1-2. Plaintiffs allege defendant commissioners did not engage in meet-and-confer obligations for over four weeks and then filed the instant motion. Defendant oppose that characterization and argue they cooperated to prepare and submit an agreed-upon proposed amended scheduling order. The parties submitted their proposed amended scheduling order in accordance with the deadline set forth in the undersigned's April 22, 2020 order. *See* ECF No. 30. The undersigned has not directed the parties to confer outside of this obligation and declines to address this issue further absent further evidence of a party's failure to cooperate with pre-trial obligations.

[4] ECF No. 40.

[5] ECF No. 42 at 1.

[6] ECF No. 40.

2

Notably, defendant Kirk has not filed a motion to dismiss and has not joined in the motion to stay. He and plaintiffs have begun depositions and have "conducted significant written discovery."[7]

Motion to Stay

The decision whether to stay discovery rests in the sound discretion of the court.[8] The Tenth Circuit has stated, however, that "'the right to proceeding in court should not be denied except under the most extreme circumstances.'"[9] Thus, as a general rule, discovery is not stayed in this district based merely on the pendency of dispositive motions.[10] The court has recognized that there may be exceptions to this rule, such as where: (1) the case is likely to be finally concluded via a dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive

---

[7] ECF No. 43 at 3.

[8] *Kutilek v. Gannon*, 132 F.R.D. 296, 297–98 (D. Kan. 1990); *Tennant v. Miller*, No. 13-2143, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013).

[9] *Holroyd v. Dept. of Veterans Affairs*, No. 06-4133, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007) (quoting *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)).

[10] *Kutilek*, 132 F.R.D. at 297 ("The general policy in this district is not to stay discovery even though dispositive motions are pending." (citing cases)); *Garrett's Worldwide Enters., LLC v. United States*, No. 14-2281, 2014 WL 7071713, at *1 (D. Kan. Dec. 12, 2014) ("[T]he general policy of this district is to proceed with discovery despite pending dispositive motions.").

motion raises issues as to the defendants' immunity from suit.[11]  The party seeking the stay "must make a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."[12]

Plaintiffs oppose the motion for stay.  As an initial matter, plaintiffs argue defendant commissioners did not attempt to address these exceptions in their motion.[13]  The court agrees defendant commissioners' motion does not clearly state any standard; rather, it merely references two United States Supreme Court cases discussing discovery stays when qualified immunity is raised as a defense.[14]  Defendant commissioners make no serious attempt to analyze the exception in the context of this case.  Indeed, they fail in their initial motion to state any facts regarding their own motion to dismiss.  Their reply more squarely addresses the standard, citing additional case law holding a stay is appropriate while immunity issues are resolved, then briefly addressing the other factors.

But plaintiffs, although they point out deficiencies in defendants' motion, misstate the standard and do not include the fourth exception to the rule disfavoring stays: when the dispositive motion raises immunity issues.  Rather, plaintiffs' response focuses on the first

---

[11] *See Citizens for Objective Public Educ., Inc. v. Kan. State Bd. of Educ.*, No. 13-4119, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013) (citing *Kutilek*, 132 F.R.D. at 297–98).

[12] *Couser v. Somers*, No. 18-1221-JWB-GEB, 2019 WL 802038, at *3 (D. Kan. Feb. 21, 2019).

[13] ECF No. 43 at 7.

[14] ECF No. 42 at 1.

prong – whether the case is likely to be finally concluded via the dispositive motion. They incorporate arguments from their motion for leave to amend their complaint, which responds to defendant commissioners' motion to dismiss. The undersigned U.S. Magistrate Judge, James P. O'Hara, briefly addressed these arguments in the context of the motion to amend, arguments now before the presiding U.S. District Judge, Holly L. Teeter. Essentially, plaintiffs maintain the motion to dismiss is unlikely to succeed because "it mischaracterizes factual allegations in plaintiffs' amended complaint and misstates both Section 1983 procedural doctrine and substantive First Amendment law."[15] As to this factor, the undersigned has reviewed the motion to dismiss and accompanying briefs and cannot say that this action is *likely* to be concluded via a ruling on the motion. The undersigned does not presume to predict how Judge Teeter will view or rule the motion to dismiss, but this is not a case in which the likely outcome of the motion is clear.[16]

However, as defendant commissioners argue, there are *four* bases for granting a motion to stay discovery, and the standard doesn't require all of them to be met. Rather, the "or" in the rule grants multiple, separate bases to stay discovery. Case law in the District of Kansas is clear that a district court may stay discovery upon the filing of a dispositive motion based on qualified immunity. "Generally, a defendant is entitled to have

---

[15] ECF No. 43 at 8.

[16] *See Holroyd v. Dept. of Veterans Affairs*, No. 06-4133, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007) ("To stay discovery, defendants must prove that they are likely to prevail on the dispositive motion.").

questions of immunity resolved before being required to engage in discovery and other pretrial proceedings."[17]   The threshold question of immunity should generally be resolved before discovery is allowed, in part to spare a defendant "unwarranted demands customarily imposed upon those defending a long drawn-out lawsuit."[18]

That said, the mere pendency of a motion to dismiss on the grounds of immunity doesn't automatically entitle defendants to a complete and indefinite stay of all discovery.[19] Plaintiffs also argue defendant commissioners are not entitled to the stay because of their qualified immunity defenses when those defenses do not apply to all of their claims. Qualified immunity, as a defense, is limited to particular claims against particular individuals.  Accordingly, "the corresponding protection against burdensome discovery is also limited."[20]  The doctrine is applicable only to claims against officers in their individual capacities.[21]   Similarly, qualified immunity is applicable only against claims for monetary damages.[22]   Therefore, the stay protects against discovery requests directed against the

---

[17] *Couser v. Somers*, No. 18-1221-JWB-GEB, 2019 WL 802038, at *3–4 (D. Kan. Feb. 21, 2019).

[18] *Id.*

[19] *Dalcour v. City of Lakewood*, No. 08-CV-00747-MSK-KLM, 2008 WL 2751345, at *2 (D. Colo. July 11, 2008).

[20] *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004).

[21] *Id.*

[22] *Id.*

individual defendant commissioners for the claims seeking monetary damages.[23]  What remains is whether discovery should proceed directed to them in their official capacities and as to the claims for declaratory or injunctive relief.

Further, defendant commissioners argue for dismissal of claims against them in their individual capacities because of absolute and qualified immunity.[24]  It may, in other circumstances, be reasonable to allow discovery to the extent that there are contested facts regarding the underlying incident which forms the basis of plaintiffs' claims.  But because plaintiffs' ability to respond to the motion to dismiss doesn't depend on discovery – indeed, plaintiffs filed their response to the motion to dismiss on June 25, 2020[25] – discovery against defendant commissioners as it relates to claims against them in their official capacities isn't warranted.[26]

The undersigned will also stay discovery on the injunctive claims.  Courts in this district have found bifurcated discovery to be inefficient, impractical, and prejudicial.[27]

---

[23] *Id.* at 645.

[24] ECF No. 41 at 10-19.

[25] ECF No. 45.

[26] *See Dalcour*, 2008 WL 2751345, at *2 (differentiating between a situation where the pending dispositive motions are motions to dismiss, which don't depend on discovery, and motions for summary judgment, which do).

[27] *Couser*, 2019 WL 802038, at *4.  *See also Alexander v. Bouse*, Case No. 17-2067-CM-JPO, 2017 U.S. Dis. LEXIS 124982, at *2 (D. Kan. Aug. 8, 2017) (granting a stay for all claims pending resolution of motions to dismiss, in part on immunity defenses, because

Here, the claims for which plaintiffs seek injunctive relief necessarily overlap factually with the claims for which plaintiffs seek monetary relief, as they involve the same conduct by multiple defendants. Plaintiffs haven't specifically articulated why discovery now would be necessary to oppose dismissal of their claims for injunctive relief. The undersigned believes requiring defendant commissioners to only engage in discovery for the injunctive relief claims at this point, if the claims could even be adequately parsed out, would be unduly burdensome in light of the pending motion to dismiss.

Defendant Kirk

The court notes defendant Kirk has not filed a dispositive motion, nor has he joined in the motion for a stay, although he has asserted a qualified immunity defense in his answer.[28] Indeed, plaintiffs represent they have started depositions with defendant Kirk and have conducted significant written discovery.[29] Plaintiffs use this point to argue that, even if Judge Teeter were to grant the motion to dismiss in its entirety, the case would not be finally concluded. Plaintiffs cite a case from the District of New Mexico, which denied a motion to stay discovery on claims that didn't involve the moving defendants.[30] But in

---

"the common nucleus of facts underlying all [of the plaintiff's] claims makes bifurcating discovery impractical and potentially prejudicial" to the individual defendant).

[28] ECF No. 35 at 4.

[29] ECF No. 43 at 3.

[30] *Pueblo of Pojoaque v. New Mexico*, 214 F. Supp. 3d 1028, 1116 (D. N.M. 2016).

that case, the court held there was no reason to stay the case, notably *because* the court had already ruled on the pending qualified immunity motion.[31]

Given the different procedural posture, the court is not persuaded by that reasoning. Defendant commissioners argue the stay should apply to all discovery, notwithstanding the discovery that's already been conducted. Here, given the issues of efficiency and practicality, the court agrees with defendant commissioners that discovery against defendant Kirk should also be stayed while the pending motion to dismiss is decided.[32]

IT IS THEREFORE ORDERED that defendant commissioners' motion to stay (ECF No. 42) is granted. The February 26, 2021 pretrial conference is hereby canceled, and the November 16, 2021 trial date is vacated. After Judge Teeter rules on the motion to dismiss (ECF No. 40), the remaining parties are directed to confer and submit jointly-proposed amended scheduling order deadlines within 14 days. The undersigned will then set a scheduling conference.

Dated July 10, 2020, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[31] *Id.*

[32] *See, e.g., Toney v. Harrod*, Case No. 15-3209-EFM-TJJ, 2018 WL 5830398, at *2 (D. Kan. Nov. 7, 2018) (staying all discovery, even as to non-moving defendant, finding the "inconvenience of a temporary stay pending rulings on the motions to dismiss is outweighed by the inefficiency of redundant depositions" and bifurcated discovery would be a "wholly inefficient alternative and inconsistent with the directive and spirit of Federal Rule of Civil Procedure 1").